

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. T. M. Trimble
First Assistant State Super-
intendent of Public
Instruction
Austin, Texas

Opinion No. O-4670
Re: Employment of school
supervisor by county super-
intendent

Dear Sir:

We have received your letter of recent date in which you ask the opinion of this department whether a county superintendent may employ as "Rural Supervisor" a person who is his first cousin. We assume that you have reference to the employment of a supervisor under Article 2700.1, Vernon's Annotated Civil Statutes (Acts 1941, 47th Leg., H.B. 364)

Section 2 of Article 2700.1 provides as follows:

"Section 2. The County Superintendent of Public Instruction may, with the approval of the County Board of Education, employ one or more school supervisors to assist in planning, outlining, and supervising the work of the Public Free Schools in the county which is under the supervision of the County Superintendent of Public Instruction. Said supervisor or supervisors shall at all times work under the supervision and direction of the County Superintendent of Public Instruction, as other assistants are required to do, and must have evidence of proficiency in rural school supervision and must be the holder of at least a Bachelor of Science Degree or higher. Such supervisor or supervisors may receive a salary of not to exceed Two Thousand Dollars ($2,000) per annum, to be paid out of the same funds and in the same manner as that of the County Superintendent of Public Instruction and other assistants."

Article 432, Vernon's Annotated Penal Code, reads as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of

any court, created by or under authority of any
general or special law of this State, or any mem-
ber of the Legislature, shall appoint, or vote for,
or confirm the appointment to any office, position,
clerkship, employment or duty, of any person re-
lated within the second degree by affinity or within
the third degree by consanguinity to the person so
appointing or so voting, or to any other member of
any such board, the Legislature, or court of which
such person so appointing or voting may be a member,
when the salary, fees, or compensation of such ap-
pointee is to be paid for, directly or indirectly,
out of or from public funds or fees of office of any
kind or character whatsoever.  Acts 1909, p. 85,
Acts 1915, p. 149."

We see that under Section 2 of Article 2700.1 the
county superintendent may employ supervisors with the approval
of the county board.  While such approval is required by the
article, nevertheless the actual authority of appointment or
employment is vested in the county superintendent.

We also see that a salary is provided for such super-
visors, payable out of public funds.  The provisions of Article
432, supra, are therefore applicable to the employment of such
supervisors by the county superintendent.

First cousins are related in the second degree by con-
sanguinity.  You are, therefore, advised that the employment by
a county superintendent of his first cousin as school super-
visor is prohibited by the nepotism laws of this State.  It fol-
lows that your question is answered in the negative.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks, Assistant

APPROVED JUL 14, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

GWS:ba:wb